# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1507022018 |
| | ) | |
| | ) | |
| RAYMOND COLSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 2, 2021
Decided: April 12, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S (SECOND) MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND THE MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED.

Annemarie H. Puit, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Raymond Colson, James T. Vaughn Correctional Center, Smyrna, Delaware
*pro se*

**MAYER,** Commissioner

This 12th day of April, 2021, upon consideration of Defendant's Motion for Postconviction Relief and Motion for Appointment of Counsel, I hereby recommend as follows:

## BACKGROUND

On March 15, 2016, Raymond Colson ("Defendant") plead guilty to Assault First Degree, Robbery First Degree, two counts of Possession of a Firearm During Commission of a Felony, and one count of Wearing a Disguise During Commission of a Felony.[1] On August 19, 2016, Defendant was sentenced to a total of fourteen (14) years of unsuspended time at Level V. Defendant did not file an appeal. However, he did file his first Motion for Postconviction Relief on October 31, 2016 (the "First Motion").[2] The First Motion presented three claims of ineffective assistance of counsel. The record was expanded and Trial Counsel submitted an Affidavit of Defense Counsel Regarding Allegations of Ineffective Assistance of Counsel.[3] The Court invited Defendant to submit a response to the Affidavit but he

---

[1] D.I. # 16.

[2] D.I. # 20.

[3] D.I. # 26.

did not avail himself of the opportunity.[4]  On June 20, 2017, the Court denied the First Motion.[5]

Defendant now pursues a second Motion for Postconviction Relief (the "Second Motion"), accompanied by a Motion for Appointment of Counsel.  For the reasons set forth below, I recommend that the Second Motion be SUMMARILY DISMISSED and the Motion for Appointment of Counsel be DENIED.

## ANALYSIS OF CLAIMS

Before addressing the merits of the claims, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[6]  In the present case, Defendant's Second Motion is procedurally barred because it is untimely, the claims were waived, and because it is a second or successive motion.  Defendant has not met the requirements for an exception to the Rule requirements.  As such, summary dismissal is appropriate.[7]

---

[4]  D.I. # 34.

[5]  D.I. # 35.

[6]  *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7]  *See* Super. Ct. Crim. R. 61(d)(5) (summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.).

First, Defendant's Second Motion was filed more than one (1) year after his conviction became final and is therefore barred as untimely.[8] Defendant was sentenced on August 19, 2016 and he did not file an appeal. Therefore, his conviction became final on September 18, 2016,[9] and the Second Motion, filed on February 3, 2021, more than three (3) years after that date, exceeds the allowable time limitation.

Second, Defendant's First Motion is deemed to have included all potential arguments. Through Defendant's First Motion, he presented three claims of ineffective assistance of counsel. The Court found the claims to be without merit and denied the First Motion after analyzing the merits of each of the claims and reviewing the entirety of the record. Further, the Court found that Defendant freely and voluntarily decided to plead guilty, he was not threatened or forced to enter into the plea, and that he did not present clear and convincing evidence to convince the Court to deviate from the plea. The Court concluded that Defendant benefited from the plea and sentencing recommendation[10] and Trial Counsel's representation did not fall below an objective standard of reasonableness.

---

[8] *See* Super. Ct. Crim. R. 61(i)(1).

[9] *See* Super. Ct. Crim. R. 61(m)(1).

[10] Defendant was facing the possibility of 105 years of incarceration. *See* Truth-in-Sentencing Guilty Plea Form.

In summary, Defendant's Second Motion presents the following claims:

(1) Defendant's guilty plea was entered in response to faulty legal advice. Here, Defendant references a "violation" that existed prior to the plea but does not specify the circumstances or factual basis for this claim. Moreover, although he cites an abundance of cases addressing violations of the double jeopardy clause, he does not in any way tie these decisions to his case; and

(2) The claims fall under the "newly discovered evidence" exception because the evidence was "in existence and hidden" at the time of judgment. Although Defendant provides this statement/quote within his Memorandum of Law, he again lacks any specific explanation of the purportedly hidden evidence.

Defendant's failure to present these claims, by way of the First Motion, constitutes a waiver of these claims.[11] In addition, Defendant did not present these arguments in the underlying proceedings, and also affirmatively relinquished his right to contest the State's evidence, and specifically waived any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions.[12]

---

[11] *See* Super. Ct. Crim. R. 61(i)(2)(ii) ("any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant."); *Mundy v. State*, 2001 WL 1636516 (Del. Dec. 10, 2001) (issues that could have been raised in the first postconviction motion are thereafter barred). It is unclear whether Defendant is again asserting a claim of ineffective assistance of counsel. Even if not procedurally barred, mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[12] *See* Super. Ct. Crim. R. 61(i)(3) ("any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter

Finally, no second or subsequent motions are permitted unless the defendant can also demonstrate that he was convicted after a trial and either new evidence exists creating a strong inference that he is innocent of the charges of which he was convicted or there is a new rule of constitutional law that once applied to his case would render his conviction invalid.[13]

The Court must therefore determine whether Defendant's Second Motion pleads a sufficient basis to apply any of the exceptions to the procedural bars. Defendant did not plead with particularity that new evidence exists that creates a strong inference that he is actually innocent; nor did he present a claim that a new retroactive rule of constitutional law applies to his case and renders his conviction i invalid.[14] As an initial matter, Defendant does not argue a new rule of constitutional law applies to his case, nor has he cited any. Defendant also does not challenge this Court's jurisdiction.[15] It appears that he may be citing the exception recognized in Superior Court Criminal Rule 61(i)(3)(A) and (B) to establish cause for relief from the procedural default. Defendant submits that he could not present the

barred…"); *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015).

[13] Super. Ct. Crim. Rule 61(i)(2) and (d)(2)(i), (ii).

[14] Super. Ct. Crim. R. 61(i)(5), (d)(2)(i) and (d)(2)(ii).

[15] *See* Super. Ct. Crim. R. 61(i)(5).

"constitutional violation" claims at an earlier time because "Covid 19 [sic] did not permit defendant to raise claim in a timely manner…[and] Defendant can not be held accountable."  Of note, Defendant's First Motion was presented and adjudicated more than two (2) years prior to the Covid 19 pandemic and/or State of Emergency for the State of Delaware.  Therefore, Defendant's attempt to rely on this extreme set of events does not excuse his failure to timely file the Second Motion and/or present his claims through his First Motion.

Finally, to the extent Defendant believes his Second Motion is not barred because of "new evidence," this exception is not applicable.  In order to qualify for this exception, the motion must show actual innocence based on new reliable evidence which was not presented at trial.[16]  Defendant has not specifically cited any new evidence for the Court's consideration.  If he believes there was an existing violation, that lead to enhanced sentencing, this would not demonstrate evidence that he is actually innocent of the charges for which he was convicted to justify consideration of the Second Motion further.

**<u>MOTION FOR APPOINTMENT OF COUNSEL</u>**

Defendant's motion argues that the Court "must" examine the "merits" of his claims and counsel should be appointed to perfect a complete appeal process.  The

---

[16] *Cannon v. State*, 127 A.3d 1164 (Del. 2015).

motion then vaguely refers to the "extensiveness of the factual issues." However, Defendant's Second Motion fails to cite any meritorious claims or facts, and the time for appeal of either his sentence, or the First Motion, passed long ago. When faced with a second or subsequent motion for postconviction relief, the Court may appoint counsel only if it determines that the motion satisfies the pleading requirements of Rule 61(d)(2)(i) or (ii).[17] As set forth above, Defendant's Second Motion fails to meet these pleading requirements and therefore, he has not asserted a sufficient basis to appoint counsel.

For the reasons set forth above, I recommend that the (Second) Motion for Postconviction Relief be SUMMARILY DISMISSED; and the Motion for Appointment of Counsel should be DENIED.

**SO ORDERED** this 12th day of April, 2021.


/s/ Katharine L. Mayer
Commissioner Katharine L. Mayer



cc:     Prothonotary
        John S. Edinger, Esquire
        Raymond Colson (SBI 00147497)

---

[17] Super. Ct. Crim. R. 61(e)(5).